An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JAMES R. ROSENBERGER, BAR NO. 1047.

No. 67396 **FILED**

SEP 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney James R. Rosenberger. Under the agreement, Rosenberger admitted to violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.2 (expediting litigation), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

The agreement provides for a six-month-and-one-day stayed suspension and a one-year probation with the following conditions: (a) Rosenberger shall pay or otherwise resolve any judgment still owing in *Marvin Cutler v. Royal and Sun Alliance, et al.*, Eighth Judicial District Court Case No. 08A558682, within 6 months of this court's order and shall, to the extent Marvin Cutler made any payments towards the judgment, reimburse Cutler during the 6-month period; (b) Rosenberger shall not receive any grievances that result in the imposition of discipline for conduct that occurs between the date of the conditional guilty plea hearing through the end of the probationary period; (c) Rosenberger shall pay the actual costs of the disciplinary proceeding, excluding Bar Counsel

15-29500

and staff salaries, within 30 days of receipt of a billing from the State Bar, or on a payment plan approved by the State Bar; and (d) Rosenberger shall resolve to the satisfaction of the State Bar any issues regarding Cutler's credit that were caused by the entry of the judgment.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). We hereby impose a six-month-and-one-day stayed suspension and a one-year probation commencing from the date of this order. Additionally, Rosenberger must comply with all of the conditions in the plea agreement, as outlined above, and shall pay the costs of the disciplinary proceedings, excluding Bar Counsel and staff salaries, within 30 days of receipt of the State Bar's bill of costs. *See* SCR 120. Rosenberger and the State Bar shall comply with the applicable provisions of SCR 121.1 and if necessary SCR 115 and 116.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

HARDESTY, C.J., and DOUGLAS and SAITTA, JJ., dissenting:

We would reject the conditional guilty plea agreement because the agreed-upon suspension is insufficient in relation to Rosenberger's conduct. A one-year actual suspension would be more appropriate. We therefore dissent.

_____, C.J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta

cc: Chair, Southern Nevada Disciplinary Board
Daniel J. Albregts, Ltd.
Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court